KUHN, J.,
dissenting in part.
1!While I agree with the majority’s disposition vacating the award in favor of Leo Ricks, I do not agree with the reversal of the awards for emotional distress damages for fear of cancer in favor of John Allen, Rita Jean, and Jennifer Ricks (the Ricks family).
The key relevant events giving rise to a claim in long-latency disease cases are the repeated tortious exposures resulting in continuous, on-going damages, although the disease may not be considered contracted or manifested until later. See Cole v. Celotex, 599 So.2d 1058, 1066 (La.1992). An accident is defined from the viewpoint of the victim; losses that were unforeseen *373 and unexpected by the victim are the result of an accident. See Gaylord Chemical Corp. v. ProPump, Inc., 98-2867, p. 6 (La.App. 1st Cir.2/18/00), 753 So.2d 349, 354. Here, under all versions of the policy, an “occurrence” is defined to mean “an accident, including continuous or repeated exposure to substantially the same general harmful conditions,” and coverage is afforded when the bodily injury or property damage is “caused by an ‘occurrence.’”
The leakage of gasoline from the underground storage tank onto the Ricks family’s property and into their residential water well was an occurrence under the [ 2policy because it was “an accident,” which in this case included “continuous or repeated exposure to substantially the same general harmful conditions.” And it was the continuous or repeated exposure to substantially the same general harmful conditions which caused the mental anguish that resulted in each member of the Ricks family’s emotional distress (fear of cancer).
It appears that the majority attempts to carve out an exception to the recovery of bodily injury caused by an occurrence under the policy for “emotional/mental distress damages” where “the actual damage ... is not the physical injury, but the emotional injury that comes from knowledge of the physical injury,” without citing legal authority for its position. The majority’s novel approach at fashioning an unwritten exclusion to the policy is a dangerous effort which creates new insurance law. It is well-settled that plaintiffs may recover emotional distress damages in the absence of physical injury when they prove that their claim is not spurious, which is accomplished by showing a particular likelihood of genuine and serious mental distress arising from special circumstances. Bonnette v. Conoco, Inc., 2001-2767, p. 24 (La.1/28/03), 837 So.2d 1219, 1235 (citing Moresi v. State, Dep’t of Wildlife & Fisheries, 567 So.2d 1081 (La.1990).
When causation and credibility are major issues, a factfinder’s findings are entitled to “great deference,” and may not be overturned unless they are manifestly erroneous. Guillory v. Insurance Co. of North America, 96-1084, p. (La.4/8/97), 692 So.2d 1029, 1032. In this case, the trial court factually determined that the emotional distress (fear of cancer) that each of the Ricks family members suffered was genuine and serious. These findings of fact are supported by the evidence and, therefore, are not manifestly erroneous.
lain light of the trial court’s factual conclusion that the Ricks family’s emotional distress claims of fear of cancer are genuine and serious, which is supported by the evidence, under the plain language of the policy, there is coverage. I would affirm the trial court’s awards in favor of the Ricks family and, therefore, dissent from that portion of the majority’s opinion which holds to the contrary.